UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH POPE,

                                      Plaintiff,

                                                                                               DECISION AND ORDER

                                                                                               04-CV-6108L

                  v.

R.N. A. PETERS, Individually and in
his/her Official Capacity,
R.N. J. BRINK, Individually and in
his/her Official Capacity

                                     Defendants.
_____

       Plaintiff, Joseph Pope, appearing *pro se*, commenced this action pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this action was commenced was an inmate in the custody of the New York State Department of Correctional Services ("DOCS") alleges that defendants Jennifer Brink and Agnes Peters, who at all relevant times were registered nurses employed by DOCS, violated his constitutional rights in connection with plaintiff's medical care and treatment on various dates while plaintiff was incarcerated at Southport Correctional Facility.

       Defendants have moved for summary judgment. Plaintiff has not responded to the motion. For the reasons that follow, the motion is granted.

# DISCUSSION

**I. Plaintiff's Failure to Respond to the Summary Judgment Motion**

Rule 56(e) of the Federal Rules of Civil Procedure provides that

> [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denial of the adverse party's pleading, but the adverse party's response by affidavits or as otherwise provided in this rule must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

The Court of Appeals for the Second Circuit has held that when a party moves for summary judgment against a *pro se* litigant, either the movant of the district court must provide the *pro se* litigant with notice of the consequences of failing to respond to the motion. *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620 (2$^d$ Cir. 1999); *see also Irby v. New York City Transit Auth.*, 262 F.3d 412, 413 (2$^d$ Cir. 2001).

In the instant case, defendants' notice of motion (Dkt. #21) and the Court's scheduling order (Dkt. #27) both gave plaintiff notice of the requirements of Rule 56 and the consequences of failing to respond to a motion of summary judgment. The notice of motion states, in part, that "[a]ny factual assertions in our affidavit will be accepted by the Court as being true unless you submit affidavits or other documentary evidence contradicting our assertions. If you do not respond to the defendants' motion as described above, summary judgment, if appropriate, may be entered against you. If summary judgment is entered against you, your case ... will be dismissed."

Likewise, the scheduling order states, in part, that "Rule 56 provides that plaintiff may NOT oppose summary judgment simply by relying upon the allegations in the complaint. Rather, plaintiff

must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising issues of fact for trial," and that "[a]ny issue of fact that plaintiff wishes to raise in opposition to the motion for summary judgment must be supported by affidavits or by other documentary evidence contradicting the facts asserted by defendants."  It further states, "THE CLAIMS PLAINTIFF ASSERTS IN HIS COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF HE DOES NOT RESPOND TO THIS MOTION by filing his own sworn affidavits or other papers as required by Rule 56(e)."

The Court's scheduling order, which was issued on February 22, 2007 and gave plaintiff until March 22, 2007 to respond to defendants' motion, was mailed to plaintiff at Auburn Correctional Facility, which was the address on filed for him at that time.  The order was returned to the Court on February 27 by the Postal Service as undeliverable.  According to the DOCS internet inmate lookup service, http://nysdocslookup.docs.state.ny.us, plaintiff was released from custody in October 2006.

The docket sheet for this case reflects that on March 5, 2007, "[p]er plaintiff's phone call," the Court Clerk's Office "updated plaintiff's address" to a street address in Apex, North Carolina. The scheduling order was then re-sent to plaintiff at that address on March 7.  Since that copy of the order bore the original response deadline of March 22, 2007, which effectively shortened plaintiff's time to respond, another scheduling order was issued on June 5, 2007, giving plaintiff until July 6 to file a response to defendants' motion.  As stated, no response has ever been received by the Court.[1]

---

[1] I also note that on July 31, 2007, the Court dismissed another lawsuit that had been filed
(continued...)

It is clear, then, that plaintiff has been adequately advised of the pendency of the motion, of the need for him to respond and the form in which he should do so, and of the consequences of not responding to the motion. Since plaintiff has not filed any responding papers, the Court will accept the truth of defendants' factual allegations, and determine whether defendants are entitled to summary judgment.

**II. Defendants' Motion for Summary Judgment**

The gist of plaintiff's claims is that on a number of occasions in 2003 and 2003, he submitted sick call slips concerning certain symptoms that he was experiencing, such as dizziness and shortness of breath, and that defendants refused to allow him to see a physician. The record reflects, however, that when defendants would arrive at plaintiff's cell in response to his sick call requests, plaintiff would refuse to speak to them. Brink Decl. (Dkt. #23) ¶ 6; Peters Decl. (Dkt. #24) ¶ 6; Defendants' Rule 56 Statement (Dkt. #25) ¶ 5.

In addition, plaintiff's medical records do not indicate that he suffered from any serious medical problems or physical limitations during the period in question. A number of tests were administered to plaintiff during 2003 and 2004, none of which revealed evidence of any significant health problems. Dkt. #25 ¶ 9.

In light of this undisputed evidence, I see no basis for plaintiff's claims against Brink or Peters. Plaintiff has presented no evidence that defendants' actions or omissions amounted to

---

[1](...continued)
by plaintiff for failure to prosecute, based on Pope's failure to comply with Court orders and his failure to communicate with the Court. *See* 03-CV-6445, Dkt. #30.

"deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Not only has plaintiff failed to show that he suffered from any serious medical condition, *see Chance v. Armstrong*, 143 F.3d 698, 702 (2$^d$ Cir. 1998), but he has also not shown that defendants had a culpable state of mind or that they intended wantonly to inflict pain or suffering on him. *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991). Even assuming *arguendo* that defendants were negligent in not having plaintiff seen by a physician (though I do not believe that the evidence would support such a finding, given plaintiff's refusal even to speak with them about his alleged symptoms), that "does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #21) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 6, 2007.